IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BLANCA I. VALENTIN
Plaintiff

vs

MUNICIPALITY OF AGUADILLA
SGT. JUSTO CRUZ
LT. JUAN C. VELEZ
Defendants

CIVIL 03-1009CCC

**O R D E R**

This action for sexual harassment, hostile work environment, and due process violations is before us on plaintiff's Petition for an Award of Attorney's Fees (**docket entry 96**) filed May 28, 2004. In response to the Municipality of Aguadilla's objections (**docket entry 107**), plaintiff filed a reply on August 26, 2004 (**docket entry 108**). In her reply plaintiff requested 25% of the $705,000.00 in damages awarded by the jury. The determination that a flat rate of 25% of the damages was an appropriate minimum for attorney's fees in employment discrimination actions under Law 100 was decided by the Supreme Court of Puerto Rico in López Vicil v. ITT, 143 D.P.R. 574 (1997).

Valentín filed a second motion for attorney's fees on August 3, 2006 (**docket entry 167**) after the Court of Appeals for the First Circuit affirmed the judgment below.

Plaintiff's request for attorney's fees in her first motion was based on the lodestar method traditionally used for calculating attorney's fees–that is, multiplying the number hours reasonably expended by reasonable hourly rate, taken as the starting point. See, generally, Blum v. Stenson, 465 U.S. 886,888(1984); Hensley v. Eckerhart, 461U.S.424 (1983), Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d. 331 (1997). Based on the lodestar method, plaintiff requested $122,468.50 in attorney's fees.

In her second motion she is requesting $176,250.00, based on the flat rate of 25% of the total damages. According to the verdict form, the damages awarded to Valentín under

CIVIL 03-1009CCC                              2

Puerto Rico Law 17 for sexual harassment and hostile work environment were $330,000.00, or about 47% of the total damages. The remaining amount, $375,000.00, was awarded for the Title VII and due process claims. Valentín justifies her request for 25% of the entire amount citing the Circuit Court's comment in its affirmance of the judgment:

> The jury could have determined that Valentín suffered $705,000.00 in total damages—with no duplication whatsoever—and then divided that amount among the various spaces on the verdict form. The defense has not shown that such apportionment did not occur or, if it did occur, that it was impermissible.

<u>Valentín-Almeyda v. Municipality of Aguadilla</u>, 447 F.3d. 85,103 fn.21(1st Cir. 2006).

This comment, contained in a footnote, is related to a discussion of whether the damages awarded under the state and federal laws are duplicative. It was in no way referring to or discussing attorney's fees. The Circuit's phrasing, "The jury could have determined . . ." is speculative. The Circuit Court rejected the idea of duplication. It is unclear on what basis plaintiff would have us conclude that the entire amount for discrimination damage was awarded under Law 17 and not Title VII. We believe that the court must take the jury at its word. The deliberative process of the jury is secretive, the impossible burden of proving why the jury decided to apportion the verdict as it did should not fall on either party.

Therefore, the court finds that plaintiff is entitled to attorneys' fees of 25% only for her claims under Law 17, she is awarded 25% of the $330,000.00 or $82,500.00 for that portion of her claims. The attorney's fees for the remaining claims will be calculated pursuant to the lodestar method.

It is academic to attempt to separate, within the context of the time sheet, the hours spent on the remaining claims, inasmuch as all of the claims arise from the same set of facts the court will therefore consider the time spent as the proportion of the total damages awarded. The damages for those claims was $375,000 or approximately 53% of the total damages. 53% of the total fees under the lodestar method of the original total requested would be approximately $66,000.00. The Municipality, however, had various objections to the

CIVIL 03-1009CCC                                              3

calculation of the fees as well as to certain specific items. The First Circuit has adopted the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) for use in determining these awards. They are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee–fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases.

Coutin, supra, at 337.

We find the defendant's objections to the attorney's hourly rates are without merit. The Municipality merely states that it is excessive, without providing any discussion of the criteria for that conclusion. Compare, Coutin, supra, a nine year old discrimination case awarding $175/200 per hour.

Defendant objects to the fact that attorney Miranda has charged for eighteen minutes to review letters and documents that attorney González-Muñoz has billed for only six minutes. One tenth of an hour, or six minutes, is the usual billing increment. See, e.g., Republican Party v. White, ___ F.3d. ___, 2006 WL 1687468 (8th Cir. June 30, 2006); Connecticut Television System, Inc., v. Caruso, 284 F.3d. 430 (2nd Cir. 2006); Walker v. City of Mesquite, Texas, 313 F.3d. 246 (5th Cir. 2002). Attorneys are generally allowed a minimum increment of one tenth of an hour, even if the task is reading a trial setting, which usually takes a matter of seconds. See, e.g., Claim for eighteen minutes to review a motion to withdraw as attorney of record. (Miranda's time sheet, at p. 2.) Billing eighteen minutes for matters of this type is not only exaggerated, but raises questions as to what other items are also exaggerated. Therefore, the Court makes a reduction in the fees awarded to compensate for excessive charges on attorney Miranda's time sheets.

CIVIL 03-1009CCC                                              4

      Defendant further objects to the time claimed for extensive research on matters which an attorney with the experience of those present in this case should need only to check for recent changes in the law or jurisprudence. Our review of the time sheets finds support for this contention. We will, therefore, make a further reduction for the time unreasonably spent on such tasks.

      For the above stated reasons, we reduce the remaining requested attorney's fees of approximately $66,000.00 to $54, 000.00 to accommodate the reductions discussed above. Accordingly, the Motions for Attorneys' Fees (**docket entries 96 and 167**) are GRANTED and the total amount of $136,500.00 in attorneys' fees on all claims.

      SO ORDERED.

      At San Juan, Puerto Rico, on August 31, 2006.

                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge